09-2414-cv
R.R., D.R. on behalf of M.R. v. Scarsdale Union Free School District

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

> **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of February, two thousand ten.**

PRESENT:

> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges*,
> TIMOTHY C. STANCEU,
> > *Judge*.[*]

——————————————————————————————

R.R., D.R. on behalf of M.R.

> *Plaintiffs-Appellant*s,

> v.                                                                                    09-2414-cv

Scarsdale Union Free School District,

> *Defendant-Appellee.*

——————————————————————————————

---

[*]The Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

FOR APPELLANTS:    GARY S. MAYERSON (TRACEY SPENCER WALSH, on the brief), Mayerson & Associates, New York, NY

FOR APPELLEE:    ERIC L. GORDON, Keane & Beane PC, White Plains, NY

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Plaintiffs-Appellants R.R. and D.R. on behalf of their daughter M.R. ("Appellants") appeal from a May 14, 2009 order of the United States District Court for the Southern District of New York (Barbara S. Jones, *J.*) granting the Defendant-Appellee Scarsdale Union Free School District's ("District") motion for summary judgment and denying the Appellants' motion for modified *de novo* review. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

*I.    Background*

M.R., a student with learning disabilities, began attending District schools in 2000, the year she entered kindergarten. At issue in this case are two Individualized Education Programs ("IEPs") developed for M.R. pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. The IEP for M.R.'s 2005-06 school year ("2005 IEP") was finalized at the second of two meetings of M.R.'s Committee on Special Education ("CSE"), which convened on May 4 and June 14, 2005. By letter dated July 12, 2005, Appellants expressed their disagreement with the proposals in the IEP, informed the District's Director of Special Education, Dr. Michael Mendelson, that M.R. was enrolled in the private Windward School for the 2005-06 school year, and notified Dr. Mendelson that they would be seeking reimbursement for M.R.'s private school tuition. M.R. began attending classes at Windward in 2005, her fifth-grade year.

The CSE convened again on June 7, 2006 for M.R.'s annual review and to develop an IEP for the 2006-07 school year. The resulting IEP ("2006 IEP") recommended placement in a regular sixth-grade classroom, supplemented with support in the school's Resource Room four times per

week. By email to Dr. Mendelson dated July 18, 2006, Appellants rejected the 2006 IEP. M.R. remained in the Windward School for the 2006-07 school year.

On August 9, 2006, Appellants, through counsel, filed a request for a due process hearing to adjudicate Appellants' claims for tuition reimbursement for the 2005-06 and 2006-07 school years. With regard to the 2005 IEP, Appellants made numerous allegations about the procedure by which the IEP was developed at the June 2005 CSE and the substance of the IEP itself. Appellants alleged that the 2006 IEP "repeated a number" of the problems they identified with regard to the 2005 IEP. Appellants also asked the Independent Hearing Officer ("IHO") to recuse himself based on his former employment and alleged bias in favor of school districts. The IHO refused to recuse himself, and the hearing began on October 23, 2006 and concluded on March 7, 2007 after seven days of testimony. On May 3, 2007, the IHO issued a written decision finding that, due to substantive and procedural deficiencies in the IEPs, the District denied M.R. a free appropriate public education ("FAPE") as required by the IDEA for both school years and that the Windward School was an appropriate placement for M.R. Accordingly, the IHO awarded Appellants their requested reimbursement for the 2005-06 school year. However, with regard to the 2006-07 school year, the IHO determined that equitable considerations weighing in favor of the District required dismissal of the tuition reimbursement claim for that year.

Appellants appealed the IHO's decision with regard to the 2006-07 school year to the State Review Officer ("SRO"). The District cross-appealed from the IHO's determination that both the 2005 and 2006 IEPs suffered from deficiencies, that the Appellants demonstrated that Windward School was an appropriate placement for M.R., and that equitable considerations did not weigh against the Appellants with regard to reimbursing tuition for the 2005-06 school year. In their

response to the District's cross-appeal, Appellants asked for the SRO's recusal. After denying the request for recusal, the SRO reviewed the record and determined that both the 2005 and 2006 IEPs met the procedural and substantive requirements of the IDEA. Thus, the SRO concluded that, under applicable law, Appellants were not entitled to tuition reimbursement for either school year.

On January 11, 2008, Appellants appealed the decision of the SRO to the district court by moving for modified *de novo* review of the SRO's decision. In a memorandum submitted in support of the motion, Appellants argued that the district court should overturn the SRO's determination that the 2005 and 2006 IEPs were procedurally and substantively adequate and argued in support of the IHO's determination that Windward was an appropriate placement for M.R. Appellants urged the district court to overturn the IHO's finding that equitable considerations weighing in favor of the District precluded reimbursement of tuition for the 2006-07 school year. Finally, in a reply memorandum responding to the District's memorandum of law in opposition to Appellants' motion, Appellants contended that an affidavit of Dr. Mendelson submitted by the District (the "Mendelson affidavit") should not be admitted into the record. In a May 15, 2009 decision, the district court affirmed the SRO's determination denying reimbursement for the two school years in question. *R.R. ex rel. M.R. v. Scarsdale Union Free Sch. Dist.*, 615 F. Supp. 2d 283 (S.D.N.Y. 2009).

On appeal, Appellants make two principal arguments in their opening brief. First, they argue that the SRO was biased and, therefore, the IHO's decision should be reinstated. Second, they argue that the Mendelson affidavit was inappropriately admitted into evidence by the district court. For the reasons that follow, we affirm the judgment of the district court.

**II.     Discussion**

We review *de novo* the district court's award of summary judgment in an IDEA case. *A.C. ex rel. M.C. v. Bd. of Educ. of The Chappaqua Cent. Sch. Dist.*, 553 F.3d 165, 171 (2d Cir. 2009).

4

The district court was required to "engage in an independent review of the administrative record and make a determination based on a preponderance of the evidence." *Gagliardo v. Arlington Cent. Sch. Dist.*, 489 F.3d 105, 112 (2d Cir. 2007) (internal quotation marks omitted). Federal courts give "due weight" to the state administrative proceedings. *Id.* at 113 (internal quotation marks omitted). If, as here, the SRO's decision "conflicts with the earlier decision of the IHO, the IHO's decision may be afforded diminished weight." *A.C. ex rel. M.C.*, 553 F.3d at 171 (internal quotation marks omitted). "We defer to the final decision of the state authorities, even where the reviewing authority disagrees with the hearing officer." *Id.* (internal quotation marks omitted).

Here, Appellants have chosen to focus their appeal not on the merits of the state administrative decision but on the argument that the SRO was biased in favor of the school district. However, as Appellants failed to make this argument before the district court, the argument has been waived. *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."). Because the waiver rule is prudential, not jurisdictional, we may exercise our discretion and nevertheless consider waived arguments "where necessary to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding." *Id.* We decline to exercise such discretion in the circumstances of this case.

Appellants argue that, in fact, they did raise the issue of the SRO's alleged bias before the district court, pointing to a footnote in their June 30, 2008 Memorandum of Law of Modified *De Novo* Review. Although this footnote raises a question regarding the SRO's alleged bias, it does so only to expressly disclaim any argument based upon it, stating "[w]e do not ask this Court to make any findings about the SRO's impartiality or integrity." (emphasis in original). Thus, even if we were inclined to find a single footnote sufficient to preserve an argument on appeal, *but see United States*

*v. Svoboda*, 347 F.3d 471, 480 (2d Cir. 2003) ("It is well-established in this Circuit that [w]e do not consider an argument mentioned only in a footnote to be adequately raised or preserved for appellate review." (internal quotation marks omitted)), Appellants here raised the argument before the district court only to expressly disclaim it. We therefore consider this argument waived.

Appellants additionally argue that the district court erroneously admitted into evidence the Mendelson affidavit, which was not in the administrative record. The IDEA specifies that, upon federal court review of a state administrative decision, the court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). Appellants contend that the Mendelson affidavit was not properly admitted as "additional evidence" because Dr. Mendelson testified during the administrative proceedings and his affidavit was impermissibly used to provide information that he could not recall at the hearing. The District contends, in contrast, that the Mendelson affidavit merely summarizes his testimony and is supported by citations to the administrative record.

Although this Court has not yet considered what constitutes permissible "additional evidence" pursuant to Section 1415(i)(2)(C), we need not reach the issue here. Even were we to assume that the district court admitted this affidavit erroneously, we would find that the error was harmless. *Malek v. Fed. Ins. Co.*, 994 F.2d 49, 55 (2d Cir. 1993) (explaining that this Court will reverse upon improper admission of evidence only when "the improper admission or exclusion of evidence affects 'a substantial right' of one of the parties," an inquiry that involves "assessment of the likelihood that the error affected the outcome of the case" (quoting Fed. R. Evid. 103(a))). Here, the district court did not purport to rely on the Mendelson affidavit. And our own review of the record shows that, even if the affidavit was improperly taken into account, it did not "affect[] the outcome of the case." *Id.*

Finally, Appellants expend one paragraph in their opening brief on the contention that the SRO "ignored" the "detailed fact-findings of the IHO." Appellants do not, however, point to specific instances in the SRO's decision where the SRO ignored the factual findings of the IHO, and our own review reveals none. Instead, relying on substantially similar facts as did the IHO, the SRO drew differing legal conclusions. We therefore reject this argument.

In their reply brief, Appellants make various arguments that go to the merits of the SRO's decision. However, "arguments not made in an appellant's opening brief are waived even if the appellant pursued those arguments in the district court or raised them in a reply brief." *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005). Accordingly, Appellants have waived these arguments on appeal. If we were nevertheless to consider these arguments, we would reject them for substantially the same reasons as those set forth in the district court's thorough and well-reasoned opinion.

We have considered the remainder of Appellants' claims and determined them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk