24-2303
*Landsman v. Banks*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of July, two thousand and twenty-five.

PRESENT:   Steven J. Menashi,
   Eunice C. Lee,
   Maria Araújo Kahn,
      *Circuit Judges.*

_____

JENNIE LANDSMAN, AS PARENT AND NATURAL GUARDIAN OF J.L. AND INDIVIDUALLY,

   *Plaintiff-Appellant,*

   v.                                                    No. 24-2303

DAVID C. BANKS, IN HIS OFFICIAL CAPACITY AS CHANCELLOR OF THE NEW YORK CITY DEPARTMENT OF EDUCATION, NEW YORK CITY DEPARTMENT OF EDUCATION,

   *Defendants-Appellees.*

_____

*For Plaintiff-Appellant*:  RORY J. BELLANTONI, Brain Injury Rights Group, Ltd., New York, NY (Kenneth Willard, Liberty and Legal Group, New York, NY, *on the brief*).

*For Defendants-Appellees*:  CHASE MECHANICK, Assistant Corporation Counsel (Richard Dearing, Deborah A. Brenner, *on the brief*), *for* Muriel Goode-Trufant, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Jennie Landsman is the mother of J.L., a student with disabilities. As part of his individualized education program, New York City's Department of Education was required to provide J.L. with accommodations including a full-time aide, therapy, special education classes, and transportation to school. When the school district failed to provide the accommodations, Landsman enrolled J.L. in a different private school. She then sought reimbursement for tuition and other services under the Individuals with Disabilities Education Act. *See* 20 U.S.C. § 1412(a)(10)(C)(ii).

As relevant here, two administrative officers denied reimbursement for the 2021-2022 school year. Landsman appealed to the district court, which granted summary judgment to the Department on the grounds that Landsman failed to provide the school district with ten-days' written notice before transferring J.L. and that Landsman acted unreasonably "throughout the administrative and court proceedings." *Landsman v. Banks*, No. 23-CV-6404, 2024 WL 3605970, at *5

2

(S.D.N.Y. July 31, 2024). The district court also denied reimbursement for the related services because Landsman failed to prove that the services were appropriate.

On appeal, Landsman argues that the district court abused its discretion by denying her claims for reimbursement. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

**I**

Landsman argues that the district court failed to properly balance the equities under the *Burlington-Carter* framework. The parties agree that the district court improperly ignored the school district's conduct and considered Landsman's litigation conduct. But we conclude that any error was harmless.

The Individuals with Disabilities Education Act "ensure[s] that all children with disabilities have available to them a free appropriate public education." 20 U.S.C. § 1400(d)(1)(A). When a parent believes the school district has failed to provide that education, she may unilaterally transfer her child to a private school and then seek reimbursement for tuition and related services. *See id.* § 1412(a)(10)(C). Under the *Burlington-Carter* framework, a district court will assess a claim for reimbursement in three steps. First, the district court asks whether the school district failed to provide an appropriate education. Second, the district court asks whether the alternative placement is appropriate for the child's needs. Third, if the school district failed to provide an appropriate education and the alternative placement is appropriate, the district court will decide whether the equities support reimbursement. *See Ferreira v. Aviles-Ramos*, 120 F.4th 323, 329 (2d Cir. 2024). Among other things, the reimbursement "may be reduced or denied" if the parent did not provide written notice ten business days before transferring her child. 20 U.S.C. § 1412(a)(10)(C)(iii).

In this appeal, the parties agree that the district court erred when weighing the equities. The district court denied reimbursement because Landsman failed to give the required notice to the school. But the district court did not consider the

3

school district's conduct as part of the equities of the case. The district court "must consider all relevant [equitable] factors … in determining whether reimbursement for some or all of the cost of the child's private education is warranted." *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 247 (2009). That includes the behavior of the school district. *See, e.g.*, *T.K. v. N.Y.C. Dep't of Educ.*, 810 F.3d 869, 879 (2d Cir. 2016). The district court also erred by invoking Landsman's litigation conduct as a basis for denial rather than focusing on conduct connected to the "effort to find an appropriate placement" for the child. *Id.*

Despite these purported errors, Landsman fails to identify evidence in the record that would tilt the equities in her favor. Parents seeking reimbursement "bear the burden of showing … that the equities weigh in their favor." *C.L. v. Scarsdale Union Free Sch. Dist.*, 744 F.3d 826, 836 (2d Cir. 2014). The district court did not clearly err by finding that Landsman failed to give timely written notice, which provides a basis for reducing or denying reimbursement. *See* 20 U.S.C. § 1412(a)(10)(C)(iii)(I)(bb). At the same time, Landsman has not shown that the school district's conduct would alter the equitable analysis so as to lead to a different result. Accordingly, we conclude that even if the district court's analysis was mistaken, "it did not affect the outcome of the case." *R.R. v. Scarsdale Union Free Sch. Dist.*, 366 F. App'x 239, 242 (2d Cir. 2010) (internal quotation marks and alteration omitted).

## II

Landsman also asserts that the district court abused its discretion by denying reimbursement for J.L.'s other services. But she has not advanced any argument on the issue in her briefs. The argument is therefore waived, *see Gross v. Rell*, 585 F.3d 72, 95 (2d Cir. 2009), and in any event cannot prevail because Landsman would need to identify evidence in the record to justify the claimed expenses, *see R.R.*, 366 F. App'x at 242.

4

\*     \*     \*

We have considered Landsman's remaining arguments, which we conclude are without merit. For the foregoing reasons, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court